U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 05 2006
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CIELITO BROWN PLAINTIFF

vs. NO: 06 - 5080

HSBC RETAIL SERVICES INC.;
BASS & ASSOCIATES, P.C.; and
ARROW FINANCIAL SERVICES LLC DEFENDANTS

**COMPLAINT**

Comes now Plaintiff, Celito Brown for her complaint against Defendants, HSBC Retail Services Inc. ("HSBC"); Bass & Associates, P.C. ("Bass & Associates"), and Arrow Financial Services LLC ("Arrow") and states:

**Statement of the Case.**

This is an action under the Fair Debt Collection Practices Act ("FDCPA") with a pendent claim for civil conspiracy to correct unlawful collection practices and to provide appropriate relief to Brown. Brown brings this action to recover the damages that she sustained as a result of Defendants' unlawful actions.

**Jurisdiction and Venue.**

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. 1692k(d).

2. The unlawful collection practices alleged below were and are now being committed in the Western District of Arkansas, Fayetteville Division.

**Parties.**

3. At all relevant times, Defendant, HSBC was a "debt collector" as that term is defined in the FDCPA, who conducted debt collection activities in the Western District of Arkansas.

4. At all relevant times, Defendant, Bass & Associates was a "debt collector" as that term is defined in the FDCPA, who conducted debt collection activities in the Western District of Arkansas.

5. At all relevant times, Defendant, Arrow, was a "debt collector" as that term is defined in the FDCPA, who conducted debt collection activities in the Western District of Arkansas.

6. At all relevant times, Brown was a resident of Benton County, Arkansas.

**Statement of Claims.**

7. Brown purchased a water filter from a company called IONICS. The filter did not work properly, so Brown revoked her acceptance of the nonconforming product pursuant to the Uniform Commercial Code. When she revoked her acceptance, Brown put IONICS on notice that she disputed the validity of any debt for the purchase of the product pursuant to the FDCPA. Brown's letter to IONICS is attached and incorporated as Exhibit 1.

8. After Brown placed IONICS on notice that she was represented by counsel and that she disputed any debt under the FDCPA, HSBC unlawfully sent a collection letter directly to Brown in attempt to collect the alleged debt on behalf of IONICS. The HSBC collection letter is attached and incorporated as Exhibit 2. In its letter HSBC failed to provide the notices required by FDCPA. It also unlawfully warned Brown of its plans to submit a negative credit report.

9. HSBC's representatives began making harassing phone calls to Brown in an attempt to collect the alleged debt. Brown, through her attorneys, again disputed the validity of the debt in writing pursuant to the FDCPA and warned that she would take legal action if HSBC continued to take unlawful collection actions. Brown's response is attached and incorporated as Exhibit 3.

10. Bass & Associates then sent a collection letter on behalf of IONICS. Bass & Associate's letter is attached and incorporated as Exhibit 4. In its letter, Bass & Associates unlawfully and deceptively attempted to gain information about Brown's financial status, and it failed to provide her with the notices required by the FDCPA.

11. Brown, through her attorneys, again disputed the validity of the debt and complained of the unlawful collection activities employed by Bass & Associates. The letter disputing the debt sent to Bass & Associates is attached and incorporated as Exhibit 5.

12. After Brown disputed the debt in writing to Bass & Associates, she received a collection letter from Arrow. A copy of Arrow's first collection letter is attached and incorporated as Exhibit 6. Arrow unlawfully made direct contact with Brown and deceptively threatened to refer the account for collection to "an attorney who is licensed to practice law in your state."

13. Brown, through her attorneys, again disputed the validity of the debt and warned Arrow of FDCPA violations. Brown's response to Arrow's first debt collection letter is attached and incorporated as Exhibit 7.

14. Even after Brown's attorneys wrote a letter to Arrow on her behalf and warned against contacting Brown directly, and other FDCPA violations, Arrow sent Brown a second debt collection letter. Arrow's second debt collection letter is attached and incorporated as Exhibit 8.

**Count I – FDCPA Violations by HSBC.**

15. The preceding paragraphs are incorporated by reference.

16. The HSBC collection letter violated the FDCPA. HSBC was on notice that Brown disputed the debt and that she was represented by an attorney. In its letter HSBC failed to provide the notices required by FDCPA. It also unlawfully warned Brown of its plans to submit a negative credit report.

17. HSBC's representatives made unlawful harassing phone calls to Brown, after receiving notice that she disputed that debt and had retained counsel, in a continuing effort to collect the debt.

**Count II – FDCPA Violations by Bass & Associates.**

18 The preceding paragraphs are incorporated by reference.

19. Bass & Associates made direct contact with Brown knowing that she was represented by counsel and knowing that she had already disputed the validity of the debt. In its letter, Bass & Associates unlawfully and deceptively attempted to gain information about Brown's financial status, and it failed to provide her with the notices required by the FDCPA.

**Count III– FDCPA Violations by Arrow.**

20. The preceding paragraphs are incorporated by reference.

21. Arrow unlawfully made direct contact with Brown knowing that she disputed the debt and that she had retained counsel. Arrow deceptively threatened to refer the account for collection to "an attorney who is licensed to practice law in your state."

22. Arrow sent another collection letter directly to Brown threatening legal action even after Brown's attorneys had written Arrow and directly warned it against further unlawful collection activities.

**Count IV- Civil Conspiracy.**

23. The preceding paragraphs are incorporated by reference.

24. Defendants know that they are restrained by federal law in the manner they can attempt to collect debts.

25. Defendants conspired to violate the FDCPA and the protection afforded to Brown under that law.

26 Defendants illegally and intentionally threatened and attempted to deceive Brown so that she would pay them money that she did not owe.

27. Brown was damaged by the concerted actions of the Defendants. Defendants purposefully passed alleged debt from one-to-the-other in an effort to circumvent the FDCPA. They worked in concert to deny Brown the assistance of counsel by having a new company threaten her with debt collection activities every time the previous company was notified by Brown's attorneys. Defendants purposefully avoided the FDCPA. As a result of Defendants' actions, Brown was illegally threatened and misled by Defendants. She incurred legal costs and mental anguish.

**Prayer for Relief.**

WHEREFORE, the Plaintiff respectfully prays that this Court:

A. Award her compensatory damages;

B. Award her additional statutory damages;

C. Award her punitive damages;

D. Award her attorneys' fees; and

E. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully submitted,
CIELITO BROWN,

By:____________________

Stephen Lisle, #94103
Lisle Law Firm, P.A.
1458 Plaza Place, Suite 101
Springdale, AR 72764
(479) 750-4444
(479) 751-6792 (fax)